## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MARK LEE PADGETT, JR.

        Plaintiff,

v.

COMMONWEALTH OF KENTUCKY, et al.,

        Defendants.

Case No: 1:21-cv-12

Dlott, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

On January 7, 2021, Plaintiff tendered a pro se civil rights complaint, together with a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1] Plaintiff's motion has been granted by separate order, placing this matter before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

**I.     Screening Authority**

Congress has authorized federal courts to dismiss a complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29, 109 S.Ct. 1827 (1989); *see*

---

[1] The undersigned takes judicial notice that the same Plaintiff initiated a second (unrelated) civil rights case on the same day against a different defendant. *See* Case No. 1: 21-cv-11. On January 19, 2021, the undersigned recommended dismissal of that case with prejudice for failure to state a claim.

*also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir.1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir.2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S.Ct. 2197 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285 (1976), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly,* 550 U.S. at 570); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept

all well pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

## II. Plaintiff's Complaint

Plaintiff brings this action against the Commonwealth of Kentucky,[2] Newport Police Officer Jason Gabbard, and Campbell County Circuit Judge Fred A. Stine. Plaintiff has drafted the first 4 pages of his complaint on a form commonly used by pro se litigants, but has attached an additional 58 pages of exhibits from underlying state court criminal proceedings. Plaintiff's complaint seeks to "re-open" what appears to have been a 2010 state court criminal proceeding, which Plaintiff alleges began when he was arrested with two other individuals on a minor traffic violation in Newport, Kentucky and charged with possession of cocaine. (Doc. 1-2 at 3). Plaintiff alleges that he was locked up "until I signed a gui[l]ty plea against my free will to pee into a cup." (*Id.*; *see also id.* at 4 ("They forced me to sign a 'Guilty Plea' agast [sic] my free will and sentenced me to pee in a cup.") Plaintiff alleges multiple violations of his "rights to a due process" during the underlying criminal proceedings, for which he seeks monetary damages. (*Id.* at 3-4).

---

[2]Within the body of the complaint, Plaintiff appears to identify the state's prosecuting attorneys, Michelle Snodgrass and Denise Trauth, in lieu of the Commonwealth. (*See* Doc. 1-2 at 2).

3

The attached exhibits to the complaint confirm that Plaintiff was charged with a Kentucky state court drug offense in the Campbell Circuit Court, Second Division, Case No. 10-CR-00142, and that judgment and a sentence on a plea of guilty to a misdemeanor was entered on September 15, 2010. (Doc. 1-2 at 9). The judgment recites that Plaintiff appeared with counsel on August 24, 2010 before Campbell Circuit Court Judge Stine, whereupon he withdrew his prior plea of not guilty and entered an Alford plea to the charge of Facilitation to Possession of a Controlled Substance First Degree. Among other terms of the plea agreement, the judgment reflects that Plaintiff "knowingly and voluntarily waived his right to plead not guilty, to be tried by a jury…[and] to appeal his case to a higher court." (*Id.*) Judge Stine sentenced Plaintiff to "Misdemeanor Diversion" with multiple specific conditions of probation including a requirement that he submit to drug and alcohol testing. (*Id.* at 10).

It is clear from the allegations in the complaint that Plaintiff is attempting to challenge his underlying state court criminal conviction through this federal civil rights complaint.

**III.     Analysis of Claims**

At the outset, venue does not lie in this Court, but instead would lie in the Eastern District of Kentucky, where all events occurred and where both Plaintiff and Defendants reside. However, because Plaintiff fails to state any claim that would be cognizable under 42 U.S.C. § 1983, the undersigned recommends dismissal of this case rather than transferring venue to the Eastern District of Kentucky for any further review.

In *Heck v. Humphrey,* 512 U.S. 477, 486-87, 114 S.Ct. 2364 (1994)*,* the Supreme Court held that a § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already

4

succeeded in having the conviction or sentence invalidated. When a successful §1983 action would necessarily imply that a prior sentence or conviction was invalid, the complaint must be dismissed unless the plaintiff can demonstrate that his conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations or called into question by the issuance of a writ of habeas corpus. *Id.; see also Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). Plaintiff's civil rights claims in this case are squarely barred by the *Heck* doctrine.

Even if Plaintiff's claims were not barred by *Heck*, however, his complaint alternatively could be dismissed for failure to state a claim on other grounds. Plaintiff appears to seek monetary damages against the Commonwealth of Kentucky and officials who are presumed to be sued in their official capacities. Such claims are barred by the Eleventh Amendment. Plaintiff's underlying claims relate to a 2010 arrest and conviction, and therefore would appear to be time-barred under the state law statute of limitations applicable to federal claims filed under 42 U.S.C. § 1983.

Last, Plaintiff has identified state prosecutors and a state court judge among the Defendants. In their respective roles, the prosecutors and judge are entitled to absolute immunity. Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *see also Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004); *Stern v. Mascio*, 262 F. 3d 600, 607 (6th Cir. 2001). State prosecutors enjoy similar absolute immunity for acts taken in their capacity as prosecutors. *Stump*, 435 U.S. 349; *see*

5

also *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984 (1976)); *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998). Although the arresting officer does not possess absolute immunity, Plaintiff's complaint facially fails to allege the requisite personal involvement required to state any claim against him.

### IV. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT** Plaintiff's complaint be **DISMISSED** with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B) for failure to state any claim. Based upon the lack of any arguable basis for appeal either in law or in fact, **IT IS FURTHER RECOMMENDED** that the trial court certify in writing that no appeal may be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Neitzke,* 490 U.S. at 325.

        *s/ Stephanie K. Bowman*
        Stephanie K. Bowman
        United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MARK LEE PADGETT, JR.

        Plaintiff,

v.

COMMONWEALTH OF KENTUCKY, et al.,

        Defendants.

Case No: 1:21-cv-12

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within FOURTEEN (14) DAYS of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within FOURTEEN (14) DAYS after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).